CRAWLEY, Judge,
dissenting.
I dissent from the holding that the summary judgment was correctly entered on Clark’s declaratory-relief claims concerning the procedure established by the Jefferson County Board of Health (“JCBH”) for answering information requests. Spe *298 cifically, I believe that JCBH improperly withheld public records, in violation of the clear language of its own rules — Rule 1.6.1 and 1.6.2 — as well as § 22-28-20(a), Ala. Code 1975, a part of the Alabama Air Pollution Control Act.
The majority’s affirmance appears to be based upon the conclusion that, when a member of the public files a request for information concerning emission data from JCBH, then JCBH is entitled to consult the emission source for a confidentiality review before it fulfills the request. Moreover, the majority seems to conclude that the time allotted for a confidentiality review is subject to a “reasonableness” inquiry, or “weighing” process, balancing the public’s right to know against the inconvenience to the source of conducting a timely review. I do not think the majority’s conclusions reflect what the law is.
JCBH Rule 1.6.1 unequivocally states that all JCBH records maintained, pursuant to the Alabama Air Pollution Control Act, “shall be available to the public for inspection” unless otherwise provided for by exception in the rules. The only exception is for confidential or trade-secret information. See Rule 1.6.2. That rule states:
“Upon a showing satisfactory to the Health Officer by any person that records, reports, or information, or particular part thereof, (other than emission data) to which the Health Officer has access if made public, would divulge production or sales figures or methods, processes o[f] production unique to such person, or would otherwise tend to affect adversely the competitive position of such person by revealing trade secrets, the Board and the Health Officer shall consider such records, reports, or information or particular portion thereof confidential in the administration of the Act and these rules and regulations.”
(Emphasis added.) The corresponding portion of the Alabama Air Pollution Control Act, § 22-28-20(a), provides:
“Any records, reports or information obtained under this chapter shall be available to the public; except, that upon a showing satisfactory to the commission by any person that records, reports or information, or particular part thereof, other than emission data, to which the commission has access if made public would divulge production or sales figures or methods, processes or production unique to such person or would otherwise tend to affect adversely the competitive position of such person by revealing trade secrets, the commission shall consider such record, reports or information, or particular portion thereof, confidential in the administration of this chapter.”
(Emphasis added.) As can be seen from the foregoing, the Rule 1.6.2 exception itself contains an exception' — -and that is for emission data. Thus, Rule 1.6.1 makes the public’s right to inspect the emission data of any regulated source paramount to the source’s interest in the confidentiality of trade secrets. See Natural Resources Defense Council, Inc. v. EPA, 489 F.2d 390, 397-98 (5th Cir.1974), reversed in part on other grounds, Train v. Natural Resources Defense Council, 421 U.S. 60, 95 S.Ct. 1470, 43 L.Ed.2d 731 (1975).
THOMPSON, J., concurs.